Michael F. Ram, SBN #104805
Email:  mram@rocklawcal.com
RAM, OLSON, CEREGHINO
  & KOPCZYNSKI LLP
101 Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray
Email:  jmurray@terrellmarshall.com
936 N. 34th Street, Suite 300
Seattle, Washington  98103
Telephone:  (206) 816-6603
Facsimile:   (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DIRECT ENERGY, LP and LEAD GENESIS, INC. <br><br> Defendants. | NO. <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> JURY TRIAL DEMAND |

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## I.  INTRODUCTION

1.       Defendant Direct Energy, LP ("Direct Energy") is a publicly traded company that provides electricity, natural gas, and home services for residential and commercial customers in North America.  To generate sales, Direct Energy relies on one or more third-party vendors through illegal telemarketing.

2.       One of those third party marketers is Lead Genesis, Inc. ("Lead Genesis"), which is a telemarketing company that provides solar energy leads to Direct Energy that it obtains through automated solicitation calls.

3.       Plaintiff is a small business which received an illegal telemarketing call from Lead Genesis and Direct Energy as a result of this principal-agent relationship.  Under established principles of vicarious liability, Direct Energy is legally responsible for the call, which violates federal telemarketing law.

4.       Accordingly, on behalf of persons and entities who also received telemarketing calls from Direct Energy on their cellular telephones, Plaintiff brings this action as a class action under the Telephone Consumer Protection Act, which prohibits autodialed and prerecorded telemarketing calls unless the caller has the recipient's written permission.  Plaintiff requests relief including an injunction to end these practices, and an award to class members of the statutory damages for each illegal call.

## II.  PARTIES

5.       Plaintiff Abante Rooter and Plumbing, Inc. ("Abante") is a corporation based in California, with its principal place of business in Alameda County, California.

6.       Defendant Direct Energy is headquartered in Houston, Texas.  Defendant Direct Energy is engaged in substantial and not isolated business activities in the State of California and the United States, including, but not limited to, engaging in contractual relationships with companies that make telemarketing calls into California, and then entering into contractual

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

relationships and servicing the relationships with new customers that result from those telemarketing calls.

7.     Defendant Lead Genesis is headquartered in Las Vegas, Nevada.  Defendant Lead Genesis is engaged in substantial and not isolated business activities in the State of California and the United States, including, but not limited to, making telemarketing calls into California.

## III.   JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States.

9.     This Court has personal jurisdiction over Defendants because they operate, conduct, engage in, and/or carry on, business activities in this District and a substantial part of the wrongful acts alleged in this Complaint were committed in California.

10.     Venue is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff Abante resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## IV.   THE TCPA

11.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

13.     The TCPA provides a private cause of action to persons who receive calls in violation of these provisions. *See* 47 U.S.C. §§ 227(b)(3), (c).

14.     A seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls.

15.     Regulations of the Federal Communication Commission ("FCC") "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See Rules and Regs. Implementing the Telephone Consumer Prot. Act of 1991*, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

16.     The FCC affirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers*." See In the Matter of the Jt. Pet. filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## V.  FACTUAL ALLEGATIONS

17.     To market its energy products and services, Direct Energy contracts with one or more third party vendors to make telemarketing calls, including Lead Genesis.  Direct Energy's vendors, including Lead Genesis, use automatic telephone dialing systems ("ATDS") and/or artificial or prerecorded voice messages to contact potential new customers. Direct Energy's vendors, including Lead Genesis, contact potential customers who have not consented to being contacted either through the use of ATDS or pre-recorded messages, such as the Plaintiff.

18.     Direct Energy and its vendors, including Lead Genesis, benefit from the arrangement because Direct Energy obtains new business through its vendor's efforts, and its vendors secures significant payment for their services.

19.     Direct Energy is vicariously liable for the conduct of the vendors, including Lead Genesis, it hires to make telemarketing calls under ordinary principles of agency because Direct Energy directed or authorized the vendor's conduct constituting the statutory violations alleged herein.

20.     Direct Energy established, approved, or ratified Lead Genesis's policies and practices.

21.     Direct Energy accepted the benefits of its Lead Genesis's illegal telemarketing campaigns by accepting fees from new consumer accounts, even though it knew or should have

known that the new consumer accounts were generated through the making of illegal telemarketing calls such as those being challenged here.

22.     Direct Energy had the authority and responsibility to prevent or correct the unlawful telemarketing practices of its vendors and formulated, directed, controlled, and participated in the vendor's acts and practices that violated the TCPA, including the acts and practices set forth in this Complaint.

23.     Under ordinary principles of vicarious liability, Direct Energy is liable for the TCPA violations alleged above because it is directly involved in, authorized, or ratified the operations by one or more vendors that violated the TCPA.

**B.      Factual Allegations Regarding Plaintiff Abante.**

24.     Plaintiff Abante owns a cellular telephone and cellular service with the number (209) 383-XXXX.  This phone is used by Abante's owner, Fred Heidarpour.

25.     On October 1, 2015, a telemarketing call was placed to this number by Lead Genesis.

26.     Lead Genesis was authorized by Defendant to make illegal telemarketing calls to consumers.

27.     When Mr. Heidarpour picked up the telephone call there was a distinctive pause consistent with an ATDS.

28.     Following that distinctive pause, there was silence on the other end of the telephone, also consistent with use of an ATDS.

29.     The Caller ID for the telephone call was (303) 214-4003.

30.     The 303 Area Code is for Denver. The geographic location between the Plaintiff's cellular telephone and the calling party also indicates that an ATDS was used.

31.     When a human being finally appeared on the other end of the call it had initiated, Mr. Heidarpour received a scripted sales pitch promoting Direct Energy's services.

32.     Because Defendant permits Lead Genesis to make telemarketing calls to the cell phones of consumers and businesses that have not provided their written consent, Defendant

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 4

provided apparent and actual authority through an agency relationship for its vendor to call Plaintiff Abante and to telemarket on Defendant's behalf.

33.     Plaintiff Abante did not provide prior express written consent to Defendant or any of their agents to receive prerecorded and/or ATDS-generated telephone calls on its cellular telephone line.

34.     By making or authorizing the call, is annoying and harassing and constitutes a nuisance, Defendant violated Plaintiff Abante's privacy.  Plaintiff Abante had to use valuable cellular telephone minutes, for which it paid, to deal with the call.

## VI.  CLASS ACTION ALLEGATIONS

35.     <u>Class Definition</u>.  Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiffs bring this case as a class action on behalf of a Class defined as follows:

> All persons in the United States to whom: (a) Defendants or a third party acting on Defendants' behalf, made one or more non-emergency telephone calls; (b) promoting Direct Energy's goods or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

36.     <u>Numerosity</u>.  The Class is so numerous that joinder of all members is impracticable.  On information and belief, the Class has more than 1,000 members.  Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

37.     <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

a.      Whether Direct Energy and/or its affiliates, agents, and/or other persons or entities acting on its behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

b.      Whether Direct Energy and/or its affiliates, agents, and/or other persons or entities acting on Direct Energy's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

c.      Whether Direct Energy is vicariously liable for ATDS generated and/or automated or prerecorded calls promoting Direct Energy's products and/or services made by their affiliates, agents, and/or other persons or entities acting on Direct Energy's behalf;

d.      Whether Direct Energy and/or its affiliates, agents, and/or other persons or entities acting on Direct Energy's behalf should be enjoined from violating the TCPA in the future.

38.    <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

39.    <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and its counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

40.    <u>Predominance</u>.  Defendants have engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 6

1    these common issues in a single action has important and desirable advantages of judicial

2    economy.

3         41.    Superiority.  A class action is the superior method for the fair and efficient

4    adjudication of this controversy.  Classwide relief is essential to compel Defendants to comply

5    with the TCPA.  The interest of individual members of the Class in individually controlling the

6    prosecution of separate claims against Defendants is small because the damages in an individual

7    action for violation of the TCPA are small.  Management of these claims is likely to present

8    significantly fewer difficulties than are presented in many class claims because the calls at issue

9    are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation

10   because it conserves judicial resources, promotes consistency and efficiency of adjudication,

11   provides a forum for small claimants, and deters illegal activities.  There will be no significant

12   difficulty in the management of this case as a class action.

13        42.    Injunctive and Declaratory Relief Appropriate.  Defendants have acted on

14   grounds generally applicable to the Class, thereby making final injunctive relief and

15   corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

16   Moreover, on information and belief, Plaintiff alleges that the automated calls made by

17   Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants'

18   behalf that are complained of herein are substantially likely to continue in the future if an

19   injunction is not entered.

## VII.  CLAIM FOR RELIEF
### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

22        43.    Plaintiff realleges and incorporates by reference each and every allegation set

23   forth in the preceding paragraphs.

24        44.    The foregoing acts and omissions of Defendants and/or their affiliates, agents,

25   and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

26   violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency

purposes, to Plaintiff's cellular telephone number and members of the Class using an ATDS and/or artificial or prerecorded voice.

45.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are entitled to an award of (a) $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B), or (b) $1,500 for each knowing or willful violation.

46.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on its own behalf and on behalf of the members of the Classes, request judgment against Defendants as follows:

A.     That the Court certify the proposed Class;

B.     That the Court appoint Plaintiff Abante as Class representative;

E.     That the Court appoint the undersigned counsel as counsel for the Class;

F.     That the Court enter a judgment permanently enjoining the Defendants from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

G.     That, should the Court permit Defendants to engage in or rely on telemarketing, it enter a judgment requiring them to adopt measures to ensure TCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that the Defendants comply with those measures;

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 8

H.     That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendants' compliance with the TCPA;

I.     That the Court enter a judgment finding that Defendants are vicariously liable to Plaintiff and all class members for all violations arising from the calls;

J.     That the Court enter a judgment finding that Defendants is jointly and severally liable to Plaintiff and all class members for all violations arising from the calls;

K.     That Defendants and its agents, or anyone acting on their behalves, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

L.     That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation;

M.     That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

N.     That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## IX.  DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: March 9, 2016.                    Respectfully Submitted,

RAM, OLSON, CEREGHINO
& KOPCZYNSKI LLP


By:  Michael F. Ram, SBN #104805
     Michael F. Ram, SBN #104805
     Email:  mram@rocklawcal.com
     101 Montgomery Street, Suite 1800
     San Francisco, California 94104
     Telephone:  (415) 433-4949
     Facsimile:  (415) 433-7311

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC


By:   Beth E. Terrell, SBN #178181
    Beth E. Terrell, SBN #178181
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray
    Email:  jmurray@terrellmarshall.com
    936 N. 34th Street, Suite 300
    Seattle, Washington  98103
    Telephone:  (206) 816-6603
    Facsimile:   (206) 319-5450

    Edward A. Broderick
    Anthony I. Paronich
    BRODERICK LAW, P.C.
    99 High Street, Suite 304
    Boston, Massachusetts 02110
    Telephone:  (617) 738-7080
    Facsimile:   (617) 830-0327
    Email: ted@broderick-law.com
    Email: anthony@broderick-law.com

    Matthew P. McCue
    THE LAW OFFICE OF MATTHEW P. McCUE
    1 South Avenue, Third Floor
    Natick, Massachusetts  01760
    Telephone:  (508) 655-1415
    Facsimile:  (508) 319-3077
    Email:  mmccue@massattorneys.net

    *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 10